JAMES M. PULLIAM *vs.* CHARLES E. ADAMSON.

June 20, 1890.

**Promise for Benefit of Third Person—Action.**—Where a mortgagee in a chattel mortgage promised, in consideration of a surrender and delivery to him of the mortgaged property by the mortgagor, to pay the amount due upon a second mortgage to the holder thereof, *held* a valid agreement, which might be enforced by such second mortgagee.

**Evidence—Authority of Agent.**—Evidence *held* sufficient to support a finding by the jury that the contract sued on, which was made by an agent, was duly authorized by the defendant.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial after verdict of $154.97 for plaintiff.

*Merrick & Merrick,* for appellant.

*Charles L. Smith,* for respondent.

VANDERBURGH, J. The questions submitted to the jury under the pleadings and upon the evidence in this case were (*a*) as to the alleged promise and agreement of the defendant, through his agent, William H. Adamson, to pay the plaintiff the sum of $140, under the circumstances and upon the consideration set forth in the complaint; and (*b*) the authority of W. H. Adamson to make such promise or agreement.

1. It is alleged by plaintiff, and his evidence tended to show, that he had released a chattel mortgage upon a span of mules and other property held by him, and made by one Brady, in order to enable Brady to raise money by another mortgage on the same property, which thereupon became a first mortgage, and had taken a second mortgage thereon. Brady's new mortgage was made to the defendant to secure $150, which the plaintiff claims was subsequently paid in full by him. And afterwards, the mortgaged property having been removed to Ashland, in Wisconsin, where Brady was residing, the defendant's agent, W. H. Adamson, went there, and procured a surrender and delivery thereof to him as agent of the defendant by

Brady, in settlement of the defendant's claim, and upon the further consideration and express promise and agreement that he would pay the amount due plaintiff on his mortgage, amounting to the sum of $140. This action is brought by plaintiff to recover upon that promise. There is sufficient evidence upon this branch of the case to sustain the finding of the jury in plaintiff's favor, and there is no doubt that such agreement was valid as an original undertaking, and was made upon a sufficient consideration; and, having been made expressly for plaintiff's benefit, he may maintain an action thereon against defendant, if the agent was authorized to bind him.

2. The trial judge was of the opinion that the evidence of the agent's authority was sufficient to warrant its submission to the jury, and in this he is, we think, sustained by the record. There is evidence tending to show that he had for several years been loaning money for defendant, and was intrusted with the entire management of the business, having general authority to act for the defendant therein; and besides, if the defendant has accepted and retained the fruits of this contract and arrangement with Brady, he must be bound by its obligations. Assuming that the jury might find the general authority of the agent in this department of defendant's business to be established by the testimony in the case, then, clearly, evidence of what he said and did in the premises, as such agent, was competent.

The former suit referred to in the answer seems to have been regularly dismissed, and is therefore no bar to this action.

Order affirmed.